# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DARRYL LEE BROWN, 46446-066        :

    Petitioner        :

    v.        :        Civil No. JFM-07-3107

LISA J. HOLLINGSWORTH        :

    Respondents        :

......................

## MEMORANDUM

Before the court is a pro se 28 U.S.C. §2241 petition for writ of habeas corpus filed by Darryl Lee Brown, a federal prisoner incarcerated at FCI-Cumberland, Maryland challenging the denial of his 28 U.S.C. §2255 petition by the United States District Court for the Eastern District of Pennsylvania. The petition will be dismissed without prejudice for lack of jurisdiction.

## Background

On September 3, 2002, the United States District Court for the Eastern District of Pennsylvania sentenced Darryl Lee Brown to 180 months incarceration after he pleaded guilty to conspiracy, interstate transportation of stolen vehicles, bank fraud, and related offenses. *See United States v. Brown, et al.*, Criminal Docket 2:01-204 MAM (E.D. Pa); *United States v. Brown*, Criminal Docket 2:01-205 MAM (E.D. Pa.). On January 11, 2005, the district court denied Brown's 28 U.S.C. §2255 motion to vacate and granted a certificate of appealability as to claims raised pursuant to *Blakely v. Washington*.[1] On July 12, 2006, the United States Court of Appeals for the Third Circuit affirmed the judgment of the district court.[2] *See United States v. Brown*, 170 Fed. Appx. 240

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).

[2] This information was electronically accessed from the Pacer system.

(3rd Cir. 2006).

Brown filed this §2241 petition habeas corpus relief on November 16, 2007. He opines that the United States District Court for the Eastern District of Pennsylvania "failed to address constitutional violations in the Petitioner's initial §2255 motion. There were nineteen (19) claims for habeas corpus relief, and the district court should have ruled on each claim at the time it became ripe." Petition, p. 6-7. Additionally, he claims that he was provided ineffective assistance of counsel during plea proceedings and his *Miranda* rights were violated at the time of arrest.

## Analysis

Regardless of the label used by petitioner, the subject matter of the motion, and not its title determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). The threshold question presented here is whether these claims are properly raised in a § 2241 petition. A §2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). Further, a §2241 petition must be filed in the federal district court in the district where petitioner is in custody. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). In contrast, a §2255 motion challenges the validity of a conviction or sentence, *see In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). A §2255 motion must be brought in the court which imposed the sentence, in this case the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 2255.

This petition raises ineffective assistance of counsel claims, challenges the validity of petitioner's judgment of conviction, and attacks the propriety of his §2255 proceeding. The petition does not question the manner in which petitioner's sentence is executed. For these reasons, it is

clear that the pleading is not properly reviewed pursuant to 28 U.S.C. §2241.[3] As such, this court lacks jurisdiction to consider the pleading.

## Conclusion

Petitioner's claims must be presented in the court where he was sentenced and this court lacks jurisdiction to review the instant petition. Accordingly, the court will dismiss the petition without prejudice. A separate order consistent with this memorandum follows.


December 4, 2007                                   /s/
Date                                                J. Frederick Motz
                                                    United States District Judge

---

[3] This petition does not satisfy the criteria for the exception under the so-called "savings clause" in § 2255. *See In re Jones,* 226 F.3d 328, 333-34 (4th Cir. 2000). To the extent petitioner raises a second or successive petition, he must first request permission from the United States Court of Appeals for the Third Circuit to file a second or successive appeal. *See* 28 U.S.C. §§2244 & 2255.